084003.0347(207)　　　　　　　　RMC:lab　　　　　　　　　　　#397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **MILBANK INSURANCE COMPANY,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **JULIAN CHENG, GLENVIEW YOUTH** | ) |
| **SOCCER ASSOCIATION,** an Illinois not | ) |
| for profit corporation, **DARRIN BAIM,** | ) |
| and **TONY YOUHANNA,** | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Milbank Insurance Company, by its attorney, Robert Marc Chemers of Pretzel & Stouffer, Chartered, and for its Complaint for Declaratory Judgment against the Defendants, Julian Cheng, Glenview Youth Soccer Association, an Illinois not-for-profit corporation, Darrin Baim, and Tony Youhanna, alleges the following:

### JURISDICTION

1.　　The jurisdiction of this Court is premised upon 28 U.S.C. 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, in this action seeking a declaration of no insurance coverage.

**VENUE**

2. Venue is premised upon 28 U.S.C. 1391(b)(2) as all Defendants are residents of this District.

**THE PARTIES**

3. Milbank Insurance Company ("Milbank") is a South Dakota insurance corporation, which maintains its principal place of business in Columbus, Ohio, and which at all times herein relevant was licensed to and which did transact insurance business in the State of Illinois and elsewhere.

4. Julian Cheng ("Cheng") is a resident of Northbrook, Illinois and a citizen of the State of Illinois.

5. Glenview Youth Soccer Association ("GYSA") is an Illinois not-for-profit corporation with its principal place of business in Glenview, Illinois. Darrin Baim ("Baim") and Tony Youhanna ("Youhanna") are each residents and citizens of the State of Illinois. Baim is the President of the Board of GYSA, and Youhanna is an employee of GYSA currently serving as the Executive Director of Coaching (collectively GYSA, Baim and Youhanna will be referenced as "the Claimants").

6. The Claimants are the plaintiffs against Cheng in an action pending in another Court, which action will be more fully described later herein. The Claimants have been joined as Defendants to the extent that each is or all are interested, and in order to be bound by the judgment to be entered in this action, and no specific relief is sought against the Claimants. If the Claimants have no interest in the issues raised herein and stipulate

and agree to be bound by the judgment or order entered in this cause, then Milbank will seek to voluntarily dismiss them from this action.

## THE MILBANK POLICIES

7. Milbank issued its policy of insurance numbered 1001041399 to Cheng as named insured for a non-owner-occupied dwelling located at 2117 Lake Avenue in Wilmette, Illinois. The policy provided for Dwelling Fire Liability Insurance for the effective period of December 18, 2020 to December 18, 2021, and a renewal policy for the period of December 18, 2021 to December 18, 2022. A certified true and correct copy of each Milbank policy is attached hereto, made a part hereof and is marked as Pleading Exhibit A and B, respectively.

8. Milbank issued its policy of insurance numbered 1001023328 to Cheng as named insured for a non-owner-occupied dwelling located at 1109 Garnett Place in Evanston, Illinois. The policy provided for Dwelling Fire Liability Insurance for the period of November 23, 2020 to November 23, 2021, and its renewal for the period of November 23, 2021 to November 23, 2022. A certified true and correct copy of each Milbank policy is attached hereto, made a part hereof and is marked as Pleading Exhibit C and D, respectively.

9. Milbank issued its policy of insurance numbered 1001308487 to Cheng as named insured for a dwelling located at 1820 Lauren Avenue in Hanover Park, Illinois. The policy provided for Homeowners Liability Insurance for the period of November 8, 2021 to November 8, 2022. A certified true and correct copy of the Milbank policy is attached hereto, made a part hereof and is marked as Pleading Exhibit E.

## THE UNDERLYING SUIT

10. The Claimants have filed an Amended Complaint against Cheng in the Circuit Court of Cook County, Illinois, County Department, Law Division, under Cause No. 22 L 6380 ("the Underlying Complaint"). A true and correct copy of the aforesaid Underlying Complaint is attached hereto, made a part hereof and is marked as Pleading Exhibit F.

11. The Claimants seek damages from Cheng for his alleged defamation, both libel and slander (Counts I through VI), and GYSA also seeks damages for alleged tortious interference (Count VIII) and breach of fiduciary duty (Count VIII), based on e-mail communications dated October 25, 2021, March 9, 2022, April 26, 2022 and May 9, 2022, all of which more fully appears in the Underlying Complaint, Pleading Exhibit F, attached hereto.

12. The Claimants allege that the GYSA is a competitive traveling soccer organization, that Baim is now the President of the Board of Directors of GYSA, that Youhanna has been a long-time employee of GYSA and now holds the position of Executive Director of Coaching, and that Cheng was a member of the GYSA's Board of Directors from March 2015 until September 17, 2021, and that Cheng had been not only a Board member but also a referee, coach and a team parent. The Claimants allege that Cheng sent "blatantly false and defamatory" e-mails which defamed the Claimants, all of which more fully appears in the Underlying Complaint, Pleading Exhibit E attached hereto.

13. GYSA alleges that Cheng knew that the GYSA had an agreement to operate its soccer activities on Glenview Park District property, and that Cheng sent e-mails to the Glenview Park District with the express intent of causing Glenview Park District to terminate its agreement with the GYSA, and that as a former Board member, Cheng had a fiduciary duty not to disseminate Board materials to the public, all of which more fully appears in Counts VII and VIII of the Claimants' Underlying Complaint, Pleading Exhibit E, attached hereto.

### PROVISIONS OF THE MILBANK POLICIES

14. Each Milbank policy provides in the Insuring Agreement for "bodily injury" and "property damage" as follows (Exhibit A at 58; Exhibit B at 62; Exhibit C at 55; Exhibit D at 60; Exhibit E at 50):

> **LIABILITY COVERAGES**
>
> **A.    Personal Liability**
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> 1. Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> 2. Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

15. Each Milbank policy provides in its Definitions that "bodily injury" means "bodily harm, sickness or disease, including required care, loss of services and death that

5

results." Each policy also defines "property damage" as "physical injury to or destruction of, or loss of use of tangible property." Further, each Milbank policy defines the term "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period in a. 'Bodily injury'; or b. 'Property damage." (Exhibit A at 56 and 57; Exhibit B at 60 and 61; Exhibit C at 53 and 54; Exhibit D at 58 and 59; Exhibit E at 34 and 35).

**TENDER OF DEFENSE**

16. Cheng tendered his defense to Milbank, and Milbank refused to accept his tender under these policies for the reasons stated herein.

**COUNT I**
**(DECLARATORY JUDGMENT RE: NO DUTY TO DEFEND OR INDEMNIFY)**

17. Milbank adopts and repeats the allegations of ¶¶ 1 through 16 as and for ¶ 17 hereof as though the same were fully set forth herein.

18. While each Milbank policy, Pleading Exhibits A through F, extends coverage to an insured for "bodily injury" or "property damage," caused by an "occurrence," as defined therein, the claims in the Underlying Complaint are not covered by any Milbank policy.

19. Milbank contends that it has no duty to defend or indemnify Cheng in connection with the claims made against him in the Underlying Complaint for one or more or all of the following reasons:

    (a)    That the Underlying Complaint does not allege "bodily injury" as defined by any Milbank policy.

(b) That the Underlying Complaint does not allege "property damage" as defined by any Milbank policy.

(c) That the Underlying Complaint does not allege an "occurrence" as defined by any Milbank policy.

(d) That the Underlying Complaint seeks damages arising out of alleged slander and alleged libel, none of which involves an "occurrence" as defined by any Milbank policy, and none of which resulted in "bodily injury" or "property damage," and is not covered by any Milbank policy.

(e) That the Underlying Complaint seeks damages for alleged tortious interference with GYSA's operations which does not involve an "occurrence" which allegedly caused either "bodily injury" or "property damage," as defined by any Milbank policy and is not covered.

(f) That the Underlying Complaint seeks damages for Cheng's alleged breach of fiduciary duty owed to the GYSA which does not involve an "occurrence" which allegedly caused either "bodily injury" or "property damage," as defined by any Milbank policy and is not covered.

20. The above contentions of Milbank are, on information and belief, denied by Cheng who, in turn, contends that he is entitled to coverage under each Milbank policy. Milbank, in turn, denies, the contrary contentions of Cheng and each of them.

7

21. By reason of the foregoing, an actual and justiciable controversy exists between the parties and each of them, which may be determined by a judgment or order of this Court. Pursuant to the terms and provisions of 28 U.S.C. 2201 and 2202, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the provisions of the policies referred to herein, and to adjudicate the final rights of all parties and to give such other and further relief as may be necessary to enforce the same.

### PRAYERS FOR RELIEF

**WHEREFORE**, the Plaintiff, Milbank Insurance Company, prays that this Court enters judgment as follows:

A. Finding that Milbank Insurance Company has no duty to provide a defense or indemnity to Julian Cheng for the action filed in the Circuit Court of Cook County, Illinois, under Cause No. 22 L 6380, under its policy numbered 1001041399, 1001023328 and 1001308487.

B. Granting Milbank Insurance Company such other and further relief as the Court deems fit and just under the circumstances.

C. Awarding Milbank Insurance Company its just and reasonable costs incurred herein with execution to issue therefor.

Respectfully submitted:

*/s/ Robert Marc Chemers*
Robert Marc Chemers (Bar No. 0431508)
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, Illinois 60606
Telephone: (312) 578-7548
E-Mail: rchemers@pretzel-stouffer.com