084003.0347(207)   RMC:lab   #397

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MILBANK INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-cv-910 |
| ) | |
| JULIAN CHENG, GLENVIEW YOUTH ) | Judge Robert W. Gettleman |
| SOCCER ASSOCIATION, an Illinois not ) | |
| for profit corporation, DARRIN BAIM, ) | Magistrate Judge Maria Valdez |
| and TONY YOUHANNA, ) | |
| ) | |
| Defendants. ) | |

## MOTION FOR DEFAULT JUDGMENT

Now comes the Plaintiff, Milbank Insurance Company, by its attorneys, Robert Marc Chemers and David N. Larson of Pretzel & Stouffer, Chartered, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, moves this Honorable Court for a default judgment against Defendant Julian Cheng.

## INTRODUCTION

Plaintiff, Milbank Insurance Company ("Milbank"), asks this Court for entry of a default judgment against Defendant Julian Cheng declaring that Milbank owes no duty to defend Julian Cheng for the claims made by the Claimants in their action filed in the Circuit Court of Cook County, Illinois, Cause No. 22 L 6380.

## ANALYSIS

### I.  Default Judgment Standard

#### A.  Procedural Requirements

Federal Rule of Civil Procedure 55 authorizes the Court to enter judgment against a defendant against whom a default has been entered, unless the defendant is an infant, incompetent or in military service. Fed. R. Civ. P. 55(b)(2).

#### B.  Substantive Requirements

The plaintiff must establish a right to the requested relief sought. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). The well-pleaded allegations of a complaint and all reasonable inferences are taken as true. *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994); *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). Where the plaintiff's complaint adequately alleges and supports the declaratory relief sought, the entry of a default judgment pursuant to Rule 55(b)(2) is proper. *Acuity Ins. Co. v. Jones*, 2013 U.S. Dist. LEXIS 40024, at *4 (E.D. Mo. Mar. 22, 2013); see also *Peace v. Rock*, 2018 U.S. Dist. LEXIS 171451 (N.D. Ala. Oct. 4, 2018) (entering default declaratory judgment declaring insurer owed no duty to defend underlying lawsuit).

**II.      Requested Declaratory Relief:  No Duty to Defend**

    **A.      Procedural Requirements Are Satisfied**

A default was entered against Defendant Cheng on May 18, 2023(Doc.23. Defendant Cheng is not in the military.

    **B.      Substantive Requirements Are Satisfied**

        **1.      Well-Pleaded Facts**

What Milbank alleges in its Complaint for Declaratory Judgment (Doc. 1) in connection with its request for declaratory relief is clearly set forth in that Complaint, namely, that its policies only cover "bodily injury" or "property damage" and neither is alleged in the Amended Complaint in the underlying action directed against Cheng.

## CONCLUSION

For the reasons stated and upon the authorities cited, Plaintiff, Milbank Insurance Company, respectfully asks this Court to enter a default judgment against Defendant Julian Cheng.

Respectfully submitted:

/s/  *Robert Marc Chemers*
Robert Marc Chemers, Bar No. 0431508
PRETZEL & STOUFFER, CHARTERED
200 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
Telephone:     (312) 578-7548
Fax:             (312) 346-8242
E-mail:         rchemers@pretzelstouffer.com
*Attorneys for Plaintiff*